IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Richard A. ENGELBRECHT, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, n/k/a Office of Lawyer Regulation, Complainant,

v.

Richard A. ENGELBRECHT, Respondent.

Supreme Court

*No.  00–2674–D.  Filed November 10, 2000.*

## 2000 WI 120

(Also reported in 618 N.W.2d 743.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Richard A. Engelbrecht and the Board of Attorneys Professional Responsibility (Board)[1] pursuant to SCR 21.09(3m)[2] setting forth findings of fact and conclusions of law regarding Attorney Engelbrecht's professional misconduct in practicing law during a time when his license had been administratively suspended because he had not established compliance with his 1997–98 Wisconsin mandatory Continuing Legal Education (CLE) requirement; in making deceptive and misleading misrepresentations in the attachment to his amended petition for reinstatement filed with the Board of Bar Examiners (BBE); and in failing to cooperate with the

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation and the Supreme Court Rules applicable to the lawyer regulation system were also revised. Since the conduct underlying this case arose prior to October 1, 2000, the body will be referred to as "the Board" and all references to Supreme Court Rules will be to those in effect prior to October 1, 2000.

[2] Former SCR 21.09(3m) provided:

(3m) The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

Board in the investigation of the alleged misconduct. The parties also stipulated to a 60-day suspension of Attorney Engelbrecht's license to practice law as discipline for that misconduct.

¶ 2. We approve the stipulation and determine that the seriousness of Attorney Engelbrecht's misconduct warrants the suspension of his license to practice law for 60 days. Attorney Engelbrecht's practice during the CLE suspension and particularly his false and misleading statements in an effort to suggest that he had not practiced while suspended, or that his unlicensed practice was so minimal as to not warrant scrutiny, are serious matters warranting a suspension of his license to practice law.

¶ 3. Attorney Engelbrecht was admitted to practice law in Wisconsin in 1974 and has an office in Green Bay. In 1989 he consented to a private reprimand for misconduct that included misrepresentation. In that instance, Attorney Engelbrecht represented to his clients and a government agency that he had filed a complaint on the clients' behalf with the agency when in fact he knew that he had not yet done so.

¶ 4. At the close of business on June 8, 1999, Attorney Engelbrecht's law license was administratively suspended because he had not established compliance with his 1997–98 CLE requirement. At that time, Attorney Engelbrecht was counsel of record for the defendant in a small claims eviction action. He did not provide the court or plaintiff's counsel with notice of his law license suspension.

¶ 5. On June 12, 1999, Attorney Engelbrecht signed a petition seeking reinstatement from his CLE suspension. The petition included the statement, "my practice during the period of ineligibility has consisted of no further legal work." On June 18, 1999, while his

license was still suspended, Attorney Engelbrecht appeared on behalf of the defendant at a court trial in the small claims eviction action. During that trial, Attorney Engelbrecht engaged in the practice of law, including stating his client's position, requesting the opportunity to file a written brief, engaging in witness examination, arguing against an objection of opposing counsel, and objecting to a question proposed by adverse counsel. On June 23, 1999, while his license was still suspended, Attorney Engelbrecht filed a letter brief in the case.

¶ 6.   On June 26, 1999, Attorney Engelbrecht signed an amended petition for reinstatement with the BBE. In an attachment to the amended petition, Attorney Engelbrecht represented that his activities at the June 18, 1999, hearing in the small claims case consisted of informing his client that he should testify when called to the stand by plaintiff and tell his story. Attorney Engelbrecht represented that his client offered no witnesses except his own testimony and offered no exhibits. Attorney Engelbrecht further represented that he met with his client after the hearing and submitted an updated form of a brief that had earlier been prepared. Attorney Engelbrecht's representation that the brief simply constituted an updated version of an earlier brief filed when Attorney Engelbrecht was licensed to practice law was inaccurate.

¶ 7.   On June 28, 1999, based on his filing of the amended petition with the BBE, Attorney Engelbrecht was reinstated from the administrative suspension. In July of 1999, the BBE referred the matter to the Board for an investigation of Attorney Engelbrecht's possible practice during suspension. Attorney Engelbrecht's response did not fully and fairly disclose the extent of

239

his activities at the June 18, 1999, hearing in the small claims case.

¶ 8. On January 21, 2000, Attorney Engelbrecht met with a representative of the Board's District 14 Professional Responsibility Committee. At that time, Attorney Engelbrecht gave assurances that his accompanying his client to the June 18, 1999, small claims court trial did not constitute the practice of law since he participated in no oral argument and examined no witnesses. These statements to a member of the District 14 Professional Responsibility Committee were false and misleading.

¶ 9. The parties stipulated that Attorney Engelbrecht's actions in the foregoing matter constituted the following professional misconduct:

(a)     His failure to provide the court or plaintiff's counsel with notice of his law license suspension violated SCR 22.26(1)(b).[3]

(b)     His appearing on behalf of a party at the court trial and filing a letter in the matter constituted the practice of law during a CLE suspension, in violation of SCR 10.03(4)[4] and SCR 31.10,[5]

---

[3] Former SCR 22.26(1)(b) provided:

(b)   A disbarred or suspended attorney with a matter pending before a court or administrative agency shall promptly notify the court or administrative agency and the attorney for each party of the disbarment or suspension and consequent inability to act as an attorney after the effective date of the disbarment or suspension. The notice must identify the successor attorney or, if there is none at the time of the notice, state the place of residence of the client of the disbarred or suspended attorney.

[4] SCR 10.03(4) provides:

Only active members may practice law. . . .

which violations constitute professional misconduct pursuant to SCR 20:8.4(f).[6]

(c)     His deceptive and misleading representations in the attachment to his amended petition for reinstatement filed with the BBE violated SCR 20:8.4(c).[7]

(d)     His failure to fully and fairly disclose the extent of his activities in the small claims case violated SCR 21.03(4).[8]

(e)     His failure to provide full and fair information to the Board and his misrepresenting the circumstances

---

[5] SCR 31.10 provides:

. . .A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule [for failure to comply with the attendance requirement of SCR 31.02 or for failure to comply with the reporting requirement of SCR 31.03(1)].

[6] SCR 20:8.4(f) provides:

It is professional misconduct for a lawyer to:
(f)     violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;. . .

[7] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:
(c)     engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[8] Former SCR 21.03(4) provided:

Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

pertaining to the alleged misconduct violated SCR 22.07(2).[9]

¶ 10. We adopt the findings of fact and conclusions of law set forth in the parties' stipulation. Attorney Engelbrecht's practice of law during a time he knew his license had been suspended and, more significant, his false and misleading statements in an effort to suggest that he had either not practiced while suspended or that his unlicensed practice was so minimal as to not warrant scrutiny are serious matters warranting a suspension. Attorney Engelbrecht's subsequent acknowledgement of his actions and his willingness to accept responsibility for his misconduct are mitigating factors. A 60-day suspension of his license to practice law is appropriate discipline for his professional misconduct.

¶ 11. IT IS ORDERED that the license of Richard A. Engelbrecht to practice law in Wisconsin is suspended for a period of 60 days, effective December 17, 2000.

¶ 12. IT IS FURTHER ORDERED that within 60 days of the date of this order Richard A. Engelbrecht pay to the Office of Lawyer Regulation the costs of this proceeding, provided that in the event the costs are not paid within the time specified and absent a showing to this court in writing of his inability to pay the costs

---

[9] Former SCR 22.07(2) provided:

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

within that time, the license of Richard A. Engelbrecht to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 13.　IT IS FURTHER ORDERED that Richard A. Engelbrecht comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.