In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Maureen B. FITZGERALD, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Maureen B. FITZGERALD,
Respondent.

Supreme Court

*No. 2005AP1065–D. Decided June 2, 2006.*

2006 WI 58

(Also reported in 714 N.W.2d 925.)

¶ 1.  PER CURIAM.  We review the recommendation of the referee, Michael Ash, that the license of

Attorney Maureen B. Fitzgerald to practice law in Wisconsin be suspended for 90 days for professional misconduct and that she be required to pay the costs of this proceeding, which are $6844.07 as of March 14, 2006. Attorney Fitzgerald did not appeal the referee's report and recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree that the seriousness of Attorney Fitzgerald's misconduct warrants the suspension of her license to practice law in Wisconsin for a period of 90 days. We further agree that she should pay the costs of this proceeding.

¶ 3. Attorney Fitzgerald was admitted to practice law in Wisconsin in 1995 and practices in Milwaukee, primarily in the area of criminal law. By order dated May 9, 2006, Attorney Fitzgerald's license to practice law was temporarily suspended for failure to cooperate in grievance investigations currently pending in the Office of Lawyer Regulation (OLR). She has no other disciplinary history.

¶ 4. On April 26, 2005, the OLR filed a complaint alleging six counts of misconduct with respect to Attorney Fitzgerald's handling of two personal injury actions. On September 11, 1999, M.R. retained Attorney Fitzgerald to represent her in connection with an auto accident M.R. had been involved in a few days earlier. M.R. and Attorney Fitzgerald entered into a written contingent fee agreement.

¶ 5. On October 1, 1999, M.R. was involved in a second auto accident. Attorney Fitzgerald also represented M.R. in connection with the second accident, but no written contingent fee agreement was signed for this second accident.

¶ 6. The other drivers in both accidents were uninsured, and uninsured motorist coverage was avail-

able under M.R.'s own insurance policy issued by Ohio Casualty. Ohio Casualty assigned claim numbers to both accidents. The only payment made by Ohio Casualty in the two claims was $159 in payment of one medical bill. Ohio Casualty made inquiries to Attorney Fitzgerald regarding the two claims but when it did not receive prompt reply to its inquiries, Ohio Casualty closed out both files without a settlement in either case.

¶ 7. On or about February 18, 2003, Attorney Fitzgerald informed M.R. that Ohio Casualty was willing to settle her claims for a total of $5000.22 and would also pay her medical bills. In fact, no such offer was made.

¶ 8. To perpetuate the ruse that a settlement had been made with Ohio Casualty, Attorney Fitzgerald deposited funds obtained from the estate of her grandfather and from a personal loan into her business account. She then transferred the funds into her trust account, commingling her personal funds with her client funds, for the purpose of utilizing such funds to pay M.R. her proportionate share of the purported settlement.

¶ 9. On or about June 12, 2003, Attorney Fitzgerald sent M.R. a check payable from her trust account in the amount of $3333.48 for the purported purpose of resolving M.R.'s claims and releasing Ohio Casualty. To further perpetuate the ruse that a settlement had been reached, Attorney Fitzgerald forwarded to M.R. for her signature a purported document that would release Ohio Casualty from any claims. In fact, Ohio Casualty had never issued a release with regard to M.R.'s claims.

¶ 10. Although the fee agreement entitled Attorney Fitzgerald to 33$^{1}/_{3}$ percent of any monies recovered by M.R., in order to placate M.R. because she was unhappy about the length of time it took to obtain the

settlement, Attorney Fitzgerald offered to forego her fees and remit to M.R. the rest of the "settlement" money. Attorney Fitzgerald had received no funds from Ohio Casualty.

¶ 11.   The OLR's complaint alleged the following counts of misconduct with respect to Attorney Fitzgerald's handling of M.R.'s case:

> COUNT ONE—By failing to reduce the contingent fee agreement in the second accident matter to writing, Fitzgerald failed to enter into a written fee agreement with regard to M.R.'s second accident, in violation of SCR 20:1.5(c).[1]
>
> COUNT TWO—By failing to reply to inquiries from Ohio [Casualty] concerning the claims, which resulted in Ohio closing their files without a settlement for M.R., Fitzgerald failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[2]
>
> COUNT THREE—By asserting to M.R. that Ohio [Casualty] had made a settlement offer for the sum of $5000.22, in addition to M.R.'s medical bills being paid,

---

[1] SCR 20:1.5(c) provides:   Fees

(c) A fee may be contingent on the outcome of the matter for which the service is rendered . . . . A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[2] SCR 20:1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

and by not telling M.R. that Ohio [Casualty] had made no such offer and, in fact, had closed their files without a settlement being reached, Fitzgerald failed to keep her client reasonably informed about the status of a matter, in violation of SCR 20:1.4(a).[3]

COUNT FOUR—By depositing personal funds into her trust account, Fitzgerald failed to hold in trust, separate from the lawyer's own property, that property of clients and third parties that is in the lawyer's possession in connection with representation, in violation of [former] SCR 20:1.15(a).[4]

COUNT FIVE—By asserting to M.R. that Ohio [Casualty] had made a settlement of her claims, by fabricating a release from Ohio [Casualty] and forwarding it to her client for signature, by offering to forego her attorney fees in order to perpetuate a misrepresentation that Ohio [Casualty] had paid a settlement on M.R.'s claims, and by forwarding a check to M.R. purporting to be a settlement of her claim, Fitzgerald engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of SCR 20:8.4(c).[5]

---

[3] SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(a) provided in pertinent part:    Safekeeping property.

> (a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. . . . The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account. . . .

[5] SCR 20:8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

718

¶ 12. The OLR's complaint also alleged that during the course of its investigation Attorney Fitzgerald advised the OLR's staff that Ohio Casualty had agreed to extend the applicable statute of limitations, when that information was not true. Attorney Fitzgerald also provided to the OLR the purported release of Ohio Casualty, which document had been fabricated by Attorney Fitzgerald to convince M.R. that a settlement of the case had been reached. Attorney Fitzgerald failed to inform the OLR's staff that the funds sent to M.R. were not settlement proceeds from Ohio Casualty but were in fact Attorney Fitzgerald's own personal funds. Attorney Fitzgerald also told the OLR investigator that M.R.'s medical bills had been paid by Ohio Casualty when in fact Attorney Fitzgerald herself had paid the bills from her business account. The OLR's complaint alleged the following count of misconduct with respect to Attorney Fitzgerald's communications with the OLR during the investigation of M.R.'s grievance:

COUNT SIX—By asserting to OLR staff that Ohio [Casualty] had agreed to extend the statute of limitations when there had been no such agreement, by providing OLR with a fabricated release from Ohio [Casualty], by failing to inform OLR staff that the funds sent to M.R. were not settlement proceeds but were in fact her personal funds, and by failing to advise OLR staff that she (Fitzgerald) had personally paid M.R.'s medical bills, Fitzgerald, in the course of an OLR investigation, willfully failed to provide relevant information, willfully failed to answer questions fully, willfully failed to furnish authentic documents, and also made misrepresentations in a disclosure, in violation of SCR 22.03(6).[6]

[6] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant infor-

¶ 13.  Attorney Fitzgerald filed an answer admitting many, but not all, of the allegations in the OLR's complaint. A hearing was held before the referee on November 14, 2005. In his report the referee concluded that the OLR established all of the counts in its complaint by clear, satisfactory, and convincing evidence. The referee recommended that Attorney Fitzgerald's license to practice law be suspended for a period of 90 days and that she be ordered to pay the full costs of the proceeding. In making the recommendation for a 90–day suspension, the referee pointed to Attorney Fitzgerald's persistent dishonesty, even while under oath at the hearing. The referee also noted, however, that Attorney Fitzgerald had an otherwise unblemished record, the professional misconduct was relatively minor and harmed only one client, and Attorney Fitzgerald was willing to use her own money to try to make things right with that client.

¶ 14.  This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. After careful review of the record, we conclude that the referee's findings of fact are not clearly erroneous, and we adopt them. We also agree with the conclusions of law that flow from the referee's findings of fact. In

mation, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

addition, we agree with the referee that the seriousness of Attorney Fitzgerald's misconduct warrants the suspension of her license to practice law in Wisconsin for a period of 90 days.

¶ 15.   IT IS ORDERED that the license of Attorney Maureen B. Fitzgerald to practice law in Wisconsin is suspended for a period of 90 days, effective the date of this order.

¶ 16.   IT IS FURTHER ORDERED that this suspension does not affect the temporary suspension previously imposed for Attorney Fitzgerald's failure to cooperate in pending grievance investigations.

¶ 17.   IT IS FURTHER ORDERED that Attorney Maureen B. Fitzgerald shall comply, if she has not already done so, with the requirements of SCR 22.26 pertaining to activities following suspension.

¶ 18.   IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Maureen B. Fitzgerald shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of her inability to pay the costs within that time, the license of Attorney Maureen B. Fitzgerald to practice law in Wisconsin shall remain suspended until further order of the court.