IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Maureen B. FITZGERALD, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Maureen B. FITZGERALD, Respondent.

Supreme Court

*No. 2008AP181–D. Decided July 17, 2008.*

2008 WI 101

(Also reported in 752 N.W.2d 879.)

7

¶ 1. PER CURIAM. We review the stipulation filed pursuant to SCR 22.12 by the Office of Lawyer Regulation (OLR) and Attorney Maureen B. Fitzgerald. Attorney Fitzgerald admits the misconduct alleged by the OLR in a six-count disciplinary complaint and agrees to a 60–day license suspension plus restitution.

¶ 2. Attorney Fitzgerald was admitted to practice law in Wisconsin in 1995 and most recently practiced in Milwaukee. On May 9, 2006, this court temporarily suspended Attorney Fitzgerald's license to practice law due to her failure to cooperate with an OLR investigation. On June 2, 2006, this court suspended Attorney Fitzgerald's license for 90 days for numerous instances of misconduct. *See In re Disciplinary Proceedings Against Fitzgerald,* 2006 WI 58, 290 Wis. 2d 713, 714 N.W.2d 925. Attorney Fitzgerald's license remains under suspension.

¶ 3. The disciplinary complaint alleges misconduct arising from Attorney Fitzgerald's actions while her license was under suspension. After her May 9, 2006, suspension, while performing work on a contract basis for the Office of the State Public Defender (SPD), Attorney Fitzgerald appeared in circuit court in Milwaukee County on four separate client matters.

¶ 4. Three appearances took place on May 15, 2006. In the first matter, Attorney Fitzgerald billed the SPD for 1.7 hours of work and was paid $68 for work performed after the suspension. In the second matter, she was paid a flat fee of $266, of which $86.80 was for work performed after her suspension. The SPD has not recouped the $154.80 Attorney Fitzgerald received for work performed after her suspension on these two cases.[1]

---

[1] In the third matter, Attorney Fitzgerald was paid a flat fee; however, the payment in the third matter does not form a basis for a disciplinary count.

¶ 5. On December 4, 5, and 6, 2006, Attorney Fitzgerald appeared on behalf of a fourth client in a motion hearing in Milwaukee County and on January 25, 2007, she appeared as counsel at his sentencing.

¶ 6. On March 27, 2007, the OLR sent Attorney Fitzgerald a letter informing her that the OLR was investigating her potential practice of law while under suspension and requesting certain information. On April 9, 2007, the OLR sent a second letter by first-class mail informing Attorney Fitzgerald that the OLR was expanding its investigation and pursuant to SCR 22.03(2), she was required to provide a written response by May 2, 2007. Attorney Fitzgerald failed to respond to the OLR's correspondence.

¶ 7. On May 7, 2007, the OLR sent Attorney Fitzgerald a third letter via first-class mail and certified mail informing her of her duty to cooperate with the OLR and requesting a response by May 17, 2007. The OLR received a signed certified mail receipt (signed by "CTA/C. Lathrop") on May 8, 2007, acknowledging delivery of the May 7 letter. The letter sent via first-class mail to Attorney Fitzgerald was not returned. Attorney Fitzgerald failed to respond to the OLR's letter of May 7, 2007.

¶ 8. Counts 1 through 3 of the disciplinary complaint charge (1) by appearing on behalf of clients while her license to practice law was suspended, Attorney Fitzgerald violated SCR 22.26(2);[2] (2) by billing the SPD and accepting payment for appearances made on behalf of two clients while her license to practice law

---

[2] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other

was suspended, Attorney Fitzgerald violated SCR 20:8.4(c);[3] and (3) by failing to respond to correspondence from the OLR requesting information, Attorney Fitzgerald violated SCR 22.03(2).[4]

¶ 9. Counts 4 through 6 of the disciplinary complaint involve Attorney Fitzgerald's misconduct with respect to her representation of a client in Jefferson County. On July 24, 2007, the Jefferson County clerk of circuit court received an unsigned facsimile transmission ("fax") entering a not guilty plea on behalf of client P.N. The header on the fax indicated it came from Attorney Fitzgerald.

¶ 10. On the same day, the Jefferson County clerk telephoned Attorney Fitzgerald to ascertain the name and state bar number of the attorney representing P.N. Attorney Fitzgerald indicated to the clerk that she was unsure who from her firm would be representing the client and asked that any notice of a hearing be sent to her. The clerk informed Attorney Fitzgerald that no

---

paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[3] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

notices could be sent without the attorney information. Attorney Fitzgerald stated she would provide the clerk with the information.

¶ 11. On July 25, 2007, the clerk had not yet received information from Attorney Fitzgerald and left a message for her. When the clerk checked for Attorney Fitzgerald's bar number on the State Bar of Wisconsin's Web site, the clerk learned Attorney Fitzgerald's license to practice law was suspended. On July 31, 2007, the OLR sent Attorney Fitzgerald a letter informing her of the nature of its investigation and requesting information. Attorney Fitzgerald did not respond.

¶ 12. On August 27, 2007, the OLR sent Attorney Fitzgerald a second letter via first-class mail and certified mail reminding her of her duty to cooperate with the OLR and requesting a response. The OLR received a signed certified mail receipt (by "J. Purnell") on August 28, 2007, acknowledging receipt of the OLR's August 27, 2007 letter. The letter sent by first-class mail had not been returned. Attorney Fitzgerald failed to respond.

¶ 13. The disciplinary complaint in count 4 charges that by entering the not guilty plea by fax on P.N.'s behalf while her license was suspended, Attorney Fitzgerald violated SCR 22.26(2). Count 5 charges that by misleading the Jefferson County clerk of circuit court about her license status, indicating she was a member of a firm and failing to clarify she would not be representing P.N., Attorney Fitzgerald violated SCR 20:8.4(c). Count 6 charges that by failing to respond to the OLR's letters, Attorney Fitzgerald violated SCR 22.03(2).

¶ 14. By her stipulation, Attorney Fitzgerald admits the misconduct alleged and agrees to the level of discipline sought by the OLR: a 60–day suspension

11

and restitution of $154.80 to the SPD. The stipulation states it does not reflect plea bargaining or negotiations. Attorney Fitzgerald states that she fully understands her right to contest the matter and consult with counsel, her entry into the stipulation is knowing and voluntary, and she understands the misconduct allegations and ramifications should this court impose the agreed upon discipline.[5]

¶ 15. The OLR states that a 60–day suspension is consistent with this court's opinion in *In re Disciplinary Proceedings Against Engelbrecht,* 2000 WI 120, 239 Wis. 2d 236, 618 N.W.2d 743. Attorney Engelbrecht, who had been previously reprimanded privately for misconduct including misrepresentation, received a 60–day suspension for appearing at a trial and filing a brief during a suspension for non-compliance with continuing legal education requirements. Attorney Engelbrecht had also failed to notify the court or opposing counsel of his suspension, made misleading statements to the Board of Bar Examiners, and failed to cooperate in the Board of Attorneys Professional Responsibility's investigation. *See id.,* ¶ 1. The OLR contends Attorney Fitzgerald's misconduct resembles that charged in the *Engelbrecht* case because not only did she practice

---

[5] It appears that the stipulation contains a misstatement on page 9, paragraph 35, in which it refers to Attorney Fitzgerald's understanding of the ramifications of a "private reprimand." The disciplinary complaint, however, seeks a 60–day license suspension and restitution. Also, paragraph 34 of the stipulation states, "Fitzgerald agrees to the level of discipline sought by the OLR: 60–day suspension and restitution of $154.80 to the SPD." The OLR's memorandum in support of the stipulation recommends a 60–day suspension and restitution. In view of the record, we conclude that the stipulation's isolated reference to a private reprimand is an inconsequential misstatement.

during her suspension, but her prior discipline involved issues of dishonesty and noncooperation.

¶ 16. This court approves the stipulation, adopts the stipulated facts and conclusions of law, and imposes the stipulated discipline. We determine the seriousness of the misconduct warrants the suspension of Attorney Fitzgerald's license to practice law for 60 days and the imposition of $154.80 restitution to the SPD. In view of the stipulation, the OLR does not seek costs. Costs of this proceeding will not be imposed.

¶ 17. IT IS ORDERED that the license of Maureen B. Fitzgerald to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶ 18. IT IS FURTHER ORDERED that, to the extent she has not yet done so, Attorney Fitzgerald comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Fitzgerald make restitution to the Office of the State Public Defender in the sum of $154.80, provided that if restitution is not paid within the time specified and absent a showing to this court of her inability to pay restitution within that time, her license to practice law in Wisconsin shall remain suspended until further order of the court.