In the Matter of Disciplinary Proceedings Against
Maureen B. Fitzgerald, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Maureen B. Fitzgerald, Complainant.

Supreme Court

*No. 2009AP945–D.—Decided July 28, 2010.*

2010 WI 99

(Also reported in 786 N.W.2d 242.)

¶ 1. PER CURIAM. We review the report and recommendation of the referee, Attorney Jonathan V. Goodman, that Attorney Maureen B. Fitzgerald's license to practice law in Wisconsin be suspended for a period of six months and that she be required to pay the costs of this disciplinary proceeding, which were $1,075.23 as of December 8, 2009. Because no appeal

has been filed in this matter, our review proceeds pursuant to SCR 22.17(2).[1]

¶ 2. The Office of Lawyer Regulation (OLR) filed a five-count complaint against Attorney Fitzgerald in this disciplinary proceeding. When Attorney Fitzgerald failed to file a response to the complaint, the OLR filed a motion for the entry of a default. At the hearing on the OLR's motion, Attorney Fitzgerald personally appeared and indicated to the referee that she did not object to the entry of a default against her.

¶ 3. Consequently, the referee prepared a report that essentially adopted the allegations of the OLR's complaint as the referee's findings of fact. According to those findings, Attorney Fitzgerald was admitted to the practice of law in this state in May 1995. She subsequently practiced in the Milwaukee area.

¶ 4. Attorney Fitzgerald's license to practice law in Wisconsin has been suspended for various reasons since May 9, 2006. On that date, her license was temporarily suspended due to her willful failure to cooperate with the OLR in a grievance investigation. Her license has remained suspended through to the present date.

¶ 5. On June 2, 2006, Attorney Fitzgerald received a 90–day suspension that was unrelated to the temporary suspension issued approximately one month earlier. *In re Disciplinary Proceedings Against Fitzgerald,* 2006 WI 58, 290 Wis. 2d 713, 714 N.W.2d 925. That suspension stemmed from Attorney Fitzgerald's failure to reduce a

---

[1] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

contingent fee agreement to writing, her failure to act with reasonable diligence in responding to inquiries from an insurance company, her failure to keep her client adequately informed about the status of an insurance claim, and her failure to hold in trust the money of clients and third parties, separate from her own personal funds. The suspension was also due to Attorney Fitzgerald's dishonesty in falsely claiming that a case had been settled and in fabricating a release.

¶ 6. On July 17, 2008, Attorney Fitzgerald received another suspension of her license to practice law in this state. *In re Disciplinary Proceedings Against Fitzgerald,* 2008 WI 101, 314 Wis. 2d 7, 752 N.W.2d 879. This suspension was for a period of 60 days and stemmed from a stipulation that Attorney Fitzgerald reached with the OLR. The subject of the stipulated suspension was, in part, Attorney Fitzgerald's representation of multiple clients after her license had been suspended. In addition, she billed the Office of the State Public Defender for various court appearances that she had made while her license was under suspension. Attorney Fitzgerald also misled a clerk of circuit court about the status of her license to practice law and her membership in a law firm. Finally, Attorney Fitzgerald repeatedly failed to respond to the OLR's requests for information.

¶ 7. The current disciplinary proceeding relates primarily to Attorney Fitzgerald's representation of D.S. in a criminal case. Attorney Fitzgerald's representation of D.S. continued after the suspension of her license in May 2006 until D.S. was convicted in December 2006.[2] Attorney Fitzgerald never informed D.S. of

---

[2] Attorney Fitzgerald's representation of D.S. in violation of her suspension was one of the matters addressed in the 2008 disciplinary matter. Thus, this aspect of her representation of D.S. is not part of the OLR's allegations in the present proceeding.

her suspension; he ultimately learned of her suspension from a friend.

¶ 8. In 2007 D.S. was exonerated on the basis of newly discovered evidence. He then hired a new lawyer, Attorney Hugh Barrow, to represent him on any legal claims that might result from his incarceration and subsequent exoneration. For approximately three months in the fall of 2007, Attorney Barrow made numerous attempts to obtain D.S.'s criminal case file from Attorney Fitzgerald. Attorney Fitzgerald failed to provide the file, leading Attorney Barrow to file a grievance against her in February 2008.

¶ 9. Between March 24, 2008, and May 1, 2008, the OLR sent three letters to Attorney Fitzgerald informing her of the nature of the grievance against her and asking her to provide information in response. The last letter was also personally served on Attorney Fitzgerald on May 6, 2008.

¶ 10. Attorney Fitzgerald finally responded on May 8, 2008. In her written response of that date, she acknowledged that she had received Attorney Barrow's requests for D.S.'s file. She stated that when she had received the OLR's third letter on May 6, 2008, she sent a copy of her file to Attorney Barrow. She also stated that she would contact the district attorney's office and obtain copies of discovery materials from the criminal case for Attorney Barrow. In addition, Attorney Fitzgerald claimed that she had explained the suspension of her license to D.S.

¶ 11. Attorney Barrow never received D.S.'s file from Attorney Fitzgerald. Consequently, on July 29, 2008, the OLR sent another letter to Attorney Fitzgerald asking her to respond to Attorney Barrow's assertion that he had not received the file and to explain when,

where, and how she had informed D.S. of the suspension of her license to practice law. Attorney Fitzgerald did not respond to the OLR's letter.

¶ 12. Based on the facts set forth above, the referee concluded that Attorney Fitzgerald had engaged in five counts of professional misconduct. First, by failing to inform D.S. of her license suspension, Attorney Fitzgerald violated SCR 22.26(1)(a),[3] which requires a suspended attorney to notify all clients by certified mail of a license suspension and the resulting inability to act as an attorney. Second, Attorney Fitzgerald violated SCR 20:1.16(d)[4] by failing to provide D.S.'s file to Attorney Barrow when requested to do so. Third, Attorney Fitzgerald's failure to respond to the OLR's requests for a response to the grievance against her until after she had been personally served with a third letter constituted a violation of SCR 22.03(2).[5]

---

[3] SCR 22.26(1)(a) provides:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

[4] SCR 20:1.16(d) states:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 22.03(2) states:

713

Fourth, by subsequently failing to respond to the OLR's fourth letter of July 29, 2008, Attorney Fitzgerald violated SCR 22.03(6).[6] Finally, Attorney Fitzgerald violated SCR 22.03(6) a second time by misrepresenting to the OLR that she had sent D.S.'s file to Attorney Barrow when she had not done so.

■

¶ 13. The referee recommended that Attorney Fitzgerald's license to practice law in Wisconsin be suspended for six months as discipline for her professional misconduct. He also recommended that Attorney Fitzgerald be required to pay the costs of this disciplinary proceeding.

■■

¶ 14. When reviewing a report and recommendation in an attorney disciplinary proceeding, we affirm a referee's findings of fact unless they are found to be clearly erroneous. *See In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 5, 305 Wis. 2d 71,

---

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[6] SCR 22.03(6) provides:

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

740 N.W.2d 125. We review the referee's conclusions of law, however, on a de novo basis. *See In re Disciplinary Proceedings Against Carroll*, 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. Finally, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *See In re Disciplinary Proceedings Against Widule*, 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 15. After fully reviewing the matter, we accept the referee's findings of fact based on the undisputed factual allegations in the OLR's complaint. We further agree with the referee that those findings of fact support a conclusion that Attorney Fitzgerald engaged in professional misconduct as alleged in the five counts of the OLR's complaint.

¶ 16. With respect to the appropriate level of discipline, we conclude that a six-month suspension of Attorney Fitzgerald's license to practice law in Wisconsin is required by her disciplinary history and the misconduct found in this case. We note that this is the third disciplinary proceeding against Attorney Fitzgerald within a span of four years. Moreover, her conduct shows a consistent failure to conform to the Rules of Professional Conduct for Attorneys and is compounded by the fact that she lied to cover up her misconduct.

¶ 17. Although the referee did not make a specific recommendation in this regard, we also expressly require Attorney Fitzgerald to return D.S.'s file to him or to his current counsel. Finally, because we do not find any "extraordinary circumstances" in this case, we impose the full costs of this disciplinary proceeding on Attorney Fitzgerald. *See* SCR 22.24(1m).

¶ 18. IT IS ORDERED that the license of Maureen B. Fitzgerald to practice law in Wisconsin is suspended for a period of six months, effective as of the date of this order.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order, Maureen B. Fitzgerald shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of her inability to pay those costs within that time, the license of Maureen B. Fitzgerald to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 20. IT IS FURTHER ORDERED that if she has not yet done so, Maureen B. Fitzgerald shall return client D.S.'s file to D.S. or transfer it to D.S.'s successor counsel within 30 days of the date of this order.

¶ 21. IT IS FURTHER ORDERED that to the extent she has not already done so, Maureen B. Fitzgerald shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.