*100 PER CURIAM.
¶ 1. We review Referee Christine Harris Taylor's recommendation that the court declare Attorney Stuart F. Roitburd in default and suspend his Wisconsin law license for a period of two years for professional misconduct in connection with his work as personal representative of his mother's estate and his non-cooperation with the Office of Lawyer Regulation's (OLR) investigation into that misconduct. The referee also recommended that Attorney Roitburd be required to make restitution to his mother's estate in the amount of $43,369.74, and to pay the full costs of this proceeding, which total $1,120.29 as of August 11, 2015.
¶ 2. Because no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2).[1] After conducting our independent review of the matter, we agree with the referee that, based on Attorney Roitburd's failure to answer the complaint filed by the OLR, the OLR is entitled to a default judgment. However, we disagree with the referee that Attorney Roitburd's professional misconduct warrants a two-year suspension of his Wisconsin law license. We conclude, instead, that a 60-day suspension is warranted. We agree with the referee that *101 Attorney Roitburd should be ordered to pay the full costs of the proceeding. We decline to order restitution for the reasons explained below.
f 3. Attorney Roitburd was admitted to practice law in Wisconsin in 1984. He had no disciplinary history prior to the filing of this complaint. According to the OLR's complaint, his law license is currently suspended for failure to cooperate with the OLR in the investigation that gave rise to this proceeding.
¶ 4. On December 5, 2014, the OLR filed the current complaint against Attorney Roitburd. The complaint alleges three counts of professional misconduct in connection with his work as the personal representative of his mother's estate.
¶ 5. The following facts are taken from the OLR's complaint. Attorney Roitburd served as the personal representative of his father's estate and, beginning in 2006, of his mother's estate. This matter primarily concerns Attorney Roitburd's work as the personal representative of his mother's estate (hereafter, the "Roitburd Estate").
¶ 6. In April 2011, in connection with the final accounting of the Roitburd Estate, the circuit court administering the estate ordered Attorney Roitburd to make payments to certain creditors by early June 2011.
f 7. In late June 2011, an attorney appeared on Attorney Roitburd's behalf and informed the circuit court that there were errors in the final accounting and that Attorney Roitburd needed time to correct the errors.
¶ 8. The circuit court granted a lengthy adjournment. Attorney Roitburd failed to appear at the adjourned hearing date. The circuit court ordered Attorney Roitburd to appear at a subsequent hearing, which he failed to do.
*102 f 9. In March 2012, the circuit court removed Attorney Roitburd as personal representative of the Roitburd Estate, appointed a different attorney to serve as successor personal representative, and issued a bench warrant for Attorney Roitburd. Attorney Roitburd was taken into custody and later released on a signature bond.
¶ 10. At a subsequent court hearing, the successor personal representative testified that multiple assets had not been transferred from Attorney Roitburd's father's estate to his mother. Attorney Roitburd also canceled five meetings that the successor personal representative had scheduled for the purpose of discussing the estates of Attorney Roitburd's father and mother.
f 11. Attorney Roitburd stated he would return any unaccounted for assets to the Roitburd Estate by December 25, 2012, but failed to do so.
f 12. On motion from the successor personal representative, the circuit court entered an order to show cause for the return of estate assets. After a hearing at which both Attorney Roitburd and the successor personal representative testified, the circuit court ordered Attorney Roitburd to repay the Roitburd Estate $43,369.74 and to provide proof of payment of $13,000 in taxes by mid-March 2013. Although Attorney Roitburd ultimately provided proof that he had paid the $13,000 in taxes, he never paid the $43,369.74 to the Roitburd Estate. In April 2013, the circuit court entered an order and judgment finding Attorney Roitburd liable to the Roitburd Estate for $43,369.74. The judgment remains unsatisfied.
¶ 13. During the OLR investigation that gave rise to this proceeding, Attorney Roitburd failed to provide responses to the OLR's repeated requests for *103 .information. On May 22, 2014, this court temporarily suspended Attorney Roitburd's license due to his willful failure to cooperate with the OLR's investigation. Attorney Roitburd's license has remained temporarily suspended to the date of this opinion.
¶ 14. Based on the course of conduct described above, the OLR alleged in its complaint that Attorney Roitburd knowingly disobeyed obligations under the rules of a tribunal, in violation of SCR 20:3.4(c)[2] (Count One); engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of SCR 20:8.4(c)[3] (Count Two); and failed to cooperate with the OLR investigation and to provide relevant information, answer questions fully, or furnish documents in the course of an OLR investigation, in violation of SCR 22.03(2)[4] and SCR 22.03(6),[5] enforced by SCR 20:8.4(h) 6. (Count Three).
*104 ¶ 15. The OLR personally served the complaint and an order to answer on Attorney Roitburd. Attorney Roitburd failed to file an answer, and the OLR moved for default judgment.
¶ 16. The referee mailed a notice of a hearing on the OLR's motion for default judgment to Attorney Roitburd at his address on file with the State Bar of Wisconsin. Attorney Roitburd failed to appear for the hearing.
¶ 17. The referee issued a decision recommending that this court grant the OLR's motion for default judgment. In so doing, the referee deemed the allegations in the OLRTs complaint to be established. The referee recommended a two-year suspension of Attorney Roitburd's Wisconsin law license, the imposition of the full costs of this proceeding against him, and the imposition of restitution to the Roitburd Estate in the amount of $43,369.74.
¶ 18. Attorney Roitburd did not appeal from the referee's report and recommendation. Thus, we proceed with our review of the matter pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplin *105 ary Proceedings Against Eisenberg, 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.
f 19. We agree with the referee that Attorney Roitburd should be declared in default. Although the OLR effected personal service of its complaint, and although Attorney Roitburd was given notice of the hearing on the motion for default judgment, he failed to appear or present a defense. Accordingly, we deem it appropriate to declare him in default. In addition, the referee properly relied on the allegations of the complaint, which were deemed admitted. See In re Disciplinary Proceedings Against Coplien, 2010 WI 109, ¶¶ 10-11, 329 Wis. 2d 311, 788 N.W.2d 376. We therefore accept the referee's findings of fact based on the allegations of the complaint. We also agree with the referee that those findings of fact adequately support the legal conclusions of professional misconduct with respect to the three counts of misconduct alleged in the complaint.
¶ 20. However, we disagree with the referee's recommendation that this court impose a two-year license suspension. As noted above, it is ultimately this court's responsibility, rather than the referee's, to determine the appropriate level of discipline. See In re Disciplinary Proceedings Against Reitz, 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. We owe no deference to the referee's recommended sanctions. See In re Disciplinary Proceedings Against Carroll, 2001 *106 WI 130, ¶ 37, 248 Wis. 2d 662, 636 N.W.2d 718. In considering the appropriate sanction, this court seeks to impress upon the attorney the seriousness of the misconduct, to deter other attorneys from engaging in similar misconduct, and to protect the public, the courts, and the legal system from a repetition of the misconduct. See, e.g., In re Disciplinary Proceedings Against Grogan, 2011 WI 7, ¶ 17, 331 Wis. 2d 341, 795 N.W.2d 745.
¶ 21. Under the unique circumstances of this case, we conclude that a 60-day suspension is sufficient to accomplish these goals. This is the first time in the more than three decades since Attorney Roitburd's admission to the Wisconsin bar that he has been the subject of professional discipline in this state. Until now, Attorney Roitburd has not created a reason to believe that the public, the courts, or the legal system must be protected from the risk of his misconduct. We note, too, that the three counts of misconduct at issue here do not evince an extensive pattern of indifference to our ethical rules. Finally, we note that our knowledge of Attorney Roitburd's misconduct is limited to the facts alleged in the OLR's complaint and established by Attorney Roitburd's default. As a result, there is much we do not know about his work as personal representative of his mother's estate, and about the estate itself. For example, while we know that certain assets went unaccounted for, we do not know whether any mistakes Attorney Roitburd made in the administration of the estate rose to the level of dishonesty or bad faith. We do not know whether Attorney Roitburd was an heir to the estate, such that he might otherwise have been entitled to receive some amount of the assets at issue. We do not know whether *107 his actions affected the rights and realization of payments to creditors of the estate.
¶ 22. We have, in the past, imposed far less than a two-year suspension for either comparable or more serious misconduct. For example, in In re Disciplinary Proceedings Against Fitzgerald, 2008 WI 101, 314 Wis. 2d 7, 752 N.W.2d 879, we suspended Attorney Fitzgerald's license for 60 days based on a six-count disciplinary complaint. The misconduct included Attorney Fitzgerald's appearing on behalf of clients during her law license suspension; billing the State Public Defender and accepting payment for appearances made on behalf of clients during her law license suspension; misleading a county clerk about her law license status; and failing to cooperate with the OLR. Our 60-day suspension of Attorney Fitzgerald's license followed a previous 90-day suspension for numerous instances of misconduct. In In re Disciplinary Proceedings Against Osicka, 2014 WI 33, 353 Wis. 2d 656, 847 N.W.2d 343, this court imposed a 60-day suspension based on Attorney Osicka's default to a four-count disciplinary complaint. The misconduct included failing to place a client's advanced fee into a client trust account or to provide the notices required by the alternative advanced fee procedure; charging an unreasonable fee; failing to refund unearned fees; and failing to cooperate with the OLR. Our 60-day suspension of Attorney Osicka's license followed two previous public reprimands. Finally, in In re Disciplinary Proceedings Against Lamb, 2011 WI 101, 338 Wis. 2d 1, 806 N.W.2d 439, this court imposed a 60-day suspension for 21 counts of misconduct related to Attorney Lamb's handling of four client matters. Our 60-day suspension of Attorney Lamb's license followed a previous private reprimand.
*108 ¶ 23. In light of our resolutions of prior disciplinary actions, and in light of the unique circumstances of this case, we deem the OLR's and the referee's recommended two-year suspension to be excessive. To be clear, Attorney Roitburd should not construe this opinion as a vindication of any aspect of his misconduct or his failure to appear at any stage of these disciplinary proceedings. We simply conclude that, while Attorney Roitburd violated his ethical duties as an attorney, a 60-day suspension will be sufficient to accomplish the objectives of the lawyer disciplinary system.
¶ 24. As to the issue of restitution, the OLR requested and the referee recommended that this court order Attorney Roitburd to pay restitution to the Roitburd Estate in the amount of $43,369.74. However, we note that the OLR states in its complaint that the circuit court administering the estate has entered an order and judgment directing Attorney Roitburd to pay the estate the amount of $43,369.74. Neither the OLR nor the referee explains why this court should order restitution that would duplicate that already ordered by the circuit court. We therefore deny the referee's recommendation for restitution. We deem it appropriate, however, to require, as a condition of the reinstatement of his Wisconsin law license, that Attorney Roitburd demonstrate to the court that he has satisfied the judgment entered by the circuit court against him in the Roitburd Estate.
¶ 25. Finally, we agree that Attorney Roitburd should pay the full costs of the proceeding.
¶ 26. IT IS ORDERED that the license of Stuart F. Roitburd to practice law in Wisconsin is suspended for a period of 60 days, effective April 26, 2016.
*109 ¶ 27. IT IS FURTHER ORDERED that the temporary license suspension of May 22, 2014, which arose out of Stuart F. Roitburd's willful failure to cooperate with the OLR's investigation in this matter, is lifted.
1 28. IT IS FURTHER ORDERED that within 60 days of the date of this order, Stuart F. Roitburd shall pay to the Office of Lawyer Regulation the costs of this proceeding.
¶ 29. IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2). This requirement includes Stuart F. Roitburd's obligation to demonstrate to the court that he has satisfied the judgment entered by the circuit court against him in Estate of Shirley Roitburd, Milwaukee County Case No. 06-PR-1840, as described above.
¶ 30. DAVID T. PROSSER, J. (separate writing to follow).

 SCR 22.17(2) provides:
If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

 SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

 SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

 SCR 22.03(2) provides:
Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

 SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

 SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."