# SUPREME COURT OF WISCONSIN

| CASE NO.: | 2015AP1984-D |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Patrick A. Callahan, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>        Complainant, <br>    v. <br> Patrick A. Callahan, <br>        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CALLAHAN

| | |
|---|---|
| OPINION FILED: | February 10, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| SOURCE OF APPEAL: | |
|---|---|
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| JUSTICES: | |
|---|---|
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

**2016 WI 8**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2015AP1984-D

STATE OF WISCONSIN                  :         IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Patrick A. Callahan, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Patrick A. Callahan,**

      **Respondent.**

**FILED**

**FEB 10, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1    PER CURIAM.   We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12[1] by the Office of Lawyer

---

[1] SCR 22.12 (Stipulation) provides:

    (1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme court may approve the stipulation, reject the

(continued)

Regulation (OLR) and Attorney Patrick A. Callahan. In the stipulation, Attorney Callahan admits the misconduct alleged by the OLR and agrees to a 60-day suspension of his Wisconsin law license.

¶2 We adopt the stipulated facts and conclusions of law. We agree that Attorney Callahan's misconduct warrants the suspension of his Wisconsin law license for a period of 60 days. The OLR advises that this court should not impose either restitution or the costs of this proceeding upon Attorney Callahan, and we accept that recommendation.

---

stipulation, or direct the parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶3 Attorney Callahan was admitted to the practice of law in Wisconsin in 1998. Although Attorney Callahan has not been the subject of prior disciplinary proceedings, his law license is currently suspended due to his failure to pay mandatory bar dues, failure to file a trust account certification, and failure to comply with continuing legal education requirements. In addition, Attorney Callahan's law license has been suspended since November 26, 2013, for noncooperation with the OLR's investigation into the matter that is the subject of the complaint and stipulation now before this court.

¶4 The complaint and stipulation concern five misconduct counts and involve one client, C.R. According to the complaint and the stipulation, C.R. met with Attorney Callahan in April 2011 to discuss her recent and allegedly wrongful termination from her job. In July 2012, Attorney Callahan filed on C.R.'s behalf a discrimination complaint against C.R.'s former employer with the Equal Rights Division (ERD) of the Wisconsin Department of Workforce Development (DWD). This discrimination complaint was time-barred, however, because the statutorily imposed deadline to file the complaint expired several months earlier, in February 2012. The DWD-ERD dismissed the complaint as untimely filed.

¶5 Attorney Callahan appealed the dismissal. Shortly thereafter, Attorney Callahan made an offer to C.R.'s former employer to settle C.R.'s case for $10,000—even though he had no authority from C.R. to settle the case on those terms. The attorney for C.R.'s former employer accepted the offer.

3

Attorney Callahan then represented to the ERD administrative law judge that the parties had settled the case and that settlement paperwork would be forthcoming. After 19 months passed, the ERD administrative law judge affirmed the decision to dismiss C.R.'s discrimination complaint as untimely filed. The administrative law judge noted that, although C.R. appeared blameless for the untimely filing, Attorney Callahan had presented no valid excuse for the delay.

¶6 In July 2012, on the same day that Attorney Callahan filed the untimely discrimination complaint against C.R.'s former employer with the DWD-ERD, Attorney Callahan also filed a civil suit against C.R.'s former employer. In February 2013, about six weeks before the discovery cutoff date set by the circuit court, Attorney Callahan sent a letter to the circuit court in which he admitted that he had: (1) failed to perform necessary discovery activities to prepare the case adequately; (2) failed to communicate with C.R. about the status of her claim; (3) failed to inform C.R. of the scheduling of her deposition; (4) advised opposing counsel that C.R. would accept $10,000 to settle the case even though he did not have C.R.'s authority to do so; and (5) failed to timely file C.R.'s discrimination complaint with the DWD-ERD and to report this fact to C.R. Attorney Callahan also mailed a copy of this letter to the OLR.

¶7 At Attorney Callahan's request, the circuit court permitted Attorney Callahan to withdraw from the representation

4

of C.R. The circuit court then dismissed C.R.'s case without prejudice.

¶8 In April and May 2013, the OLR sent letters to Attorney Callahan seeking information related to his representation of C.R. Attorney Callahan did not respond to these letters, which ultimately led to this court's November 26, 2013 order temporarily suspending Attorney Callahan's law license for failing to cooperate with the OLR's investigation.

¶9 In September 2015, the OLR filed a complaint against Attorney Callahan which alleged the following five counts of misconduct:

- Count 1: By failing to perform the necessary work to advance C.R.'s circuit court suit against C.R.'s former employer, and by failing to properly advance C.R.'s DWD-ERD discrimination claim, Attorney Callahan violated SCR 20:1.3.[2]

- Count 2: By advancing a settlement offer in C.R.'s case that C.R. had not authorized, Attorney Callahan violated SCR 20:1.2(a).[3]

---

[2] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 20:1.2(a) provides, in pertinent part, that:

[A] lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by SCR 20:1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the

(continued)

5

- Count 3:  By representing to opposing counsel that C.R. would settle her claims for $10,000 when he knew that he had no authority from C.R. to do so, Attorney Callahan violated SCR 20:8.4(c).[4]

- Count 4:  By failing to keep C.R. apprised of the status of her discrimination claim with the DWD-ERD, and by failing to keep C.R. apprised of the status of her circuit court case, Attorney Callahan violated SCR 20:1.4(a)(3) and (4).[5]

- Count 5:  By failing to provide timely written responses to the OLR's investigative letters regarding C.R.'s grievance, Attorney Callahan violated SCR 22.03(2) and (6).[6]

---

representation. A lawyer shall abide by a client's decision whether to settle a matter.

[4] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[5] SCR 20:1.4(a)(3) and (4) provide, respectively, that a lawyer shall "keep the client reasonably informed about the status of the matter" and "promptly comply with reasonable requests by the client for information."

[6] SCR 22.03(2) and (6) provide:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond.

(continued)

¶10 In late December 2015, the OLR and Attorney Callahan executed the stipulation now before the court. In addition to stipulating to the facts as set forth above, the parties stipulated to discipline in the form of a 60-day suspension of Attorney Callahan's Wisconsin law license.

¶11 The stipulation provides that it is not the result of a plea bargain. Attorney Callahan also verifies that he fully understands the misconduct allegations, the ramifications if this court should impose the stipulated level of discipline, his right to contest the matter, and his right to consult with counsel. He further verifies that his entry into the stipulation was made knowingly and voluntarily, and that it represents his admission of all misconduct and his assent to the level and type of discipline sought by the OLR director.

¶12 The OLR has filed a memorandum in support of the stipulation. The memorandum discusses attorney disciplinary cases that resulted in 60- or 90-day suspensions for misconduct

---

Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

that generally involved the failure to perform timely work for a client, the failure to properly communicate with a client, and the failure to cooperate with an OLR investigation into misconduct.

¶13 The OLR's memorandum states that the case most similar to the facts at issue here is In re Disciplinary Proceedings Against Fitzgerald, 2006 WI 58, 290 Wis. 2d 713, 714 N.W.2d 925. In Fitzgerald, an attorney received a 90-day suspension for, among other things, failing to respond to an insurance company's inquiries concerning her client's case; falsely telling her client that the insurance company had made a settlement offer when the insurance company had not done so; fabricating a release document from the insurance company; and using her own money as the settlement funds allegedly offered by the insurance company. The OLR states that, like Attorney Fitzgerald, Attorney Callahan failed to perform the necessary work to advance his client's case and then later tried to cover it up by advancing a ruse that the case had settled. However, on the basis of Attorney Callahan's self-reporting of his misconduct to the circuit court and to the OLR, the OLR recommends that Attorney Callahan receive a 60-day suspension, rather than the 90-day suspension imposed in Fitzgerald. The OLR also considers as a mitigating factor the fact that Attorney Callahan has not been the subject of prior disciplinary proceedings.

¶14 We adopt the stipulation and the stipulated facts and conclusions of law, and impose the stipulated discipline. We agree that the seriousness of Attorney Callahan's misconduct

8

warrants the suspension of his Wisconsin law license for 60 days. The OLR does not seek restitution, so we impose none. In light of the stipulation, the OLR does not seek costs, so we also do not impose costs.

¶15 IT IS ORDERED that the license of Patrick A. Callahan to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶16 IT IS FURTHER ORDERED that Patrick A. Callahan shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶17 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶18 IT IS FURTHER ORDERED that the November 26, 2013 temporary suspension of Patrick A. Callahan's license to practice law in Wisconsin, due to his willful failure to cooperate with the OLR's grievance investigation in this matter, is lifted.

¶19 IT IS FURTHER ORDERED that the administrative suspension of Patrick A. Callahan's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, failure to file a trust account certification, and failure to comply with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).