# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP617-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Diane R. Caspari, Attorney at Law: |
| | Office of Lawyer Regulation,<br>　　　　　Complainant,<br>　　　v.<br>Diane R. Caspari,<br>　　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CASPARI

| | |
|---|---|
| OPINION FILED: | July 19, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2016AP617-D

STATE OF WISCONSIN            :            IN SUPREME COURT

**In the Matter of the Disciplinary Proceedings Against Diane R. Caspari, Attorney at Law:**

**Office of Lawyer Regulation,**

          **Complainant,**

    **v.**

**Diane R. Caspari,**

          **Respondent.**

**FILED**

**JUL 19, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1   PER CURIAM.   We review a stipulation pursuant to Supreme Court Rule (SCR) 22.12 between the Office of Lawyer Regulation (OLR) and Attorney Diane R. Caspari.  The stipulation provides that Attorney Caspari committed six counts of professional misconduct arising out of four client representations and requests that the court impose a sixty-day suspension of Attorney Caspari's license to practice law in this state.

¶2 After carefully reviewing this matter, we accept the stipulation and impose the requested discipline. Pursuant to the stipulation and because Attorney Caspari has already reimbursed the Office of the State Public Defender (SPD) for fees she did not earn, we do not order any restitution. Because this matter has been resolved by a stipulation under SCR 22.12 without the need for the appointment of a referee, we also do not impose any costs on Attorney Caspari.

¶3 Attorney Caspari was admitted to the practice of law in Wisconsin in January 2004. She maintains a private law practice in Milwaukee.

¶4 Attorney Caspari has been the subject of professional discipline on one prior occasion. In 2015 she was privately reprimanded for her misconduct in two client representations. In the first matter, Attorney Caspari failed to file a petition for a writ of certiorari on behalf of an incarcerated client within the statutory time period, in violation of SCR 20:1.3. She also failed to respond to that client's multiple inquiries about the status of the matter, in violation of SCR 20:1.4(a)(3) and (a)(4). Further, she charged that client legal fees for preparing the certiorari petition even though she never filed it, and she failed to refund those fees upon termination of the representation, in violation of SCRs 20:1.5(a) and 20:1.16(d). In the second matter, Attorney Caspari again violated SCR 20:1.4(a)(3) and (a)(4) by failing to respond to the client's requests for information about the status of his matter.

2

¶5 In the stipulation in the present case, Attorney Caspari states that she fully understands the allegations against her and her right to contest those allegations. She represents that she also understands her right to consult with counsel and the ramifications of the imposition of the requested level of discipline. Finally she affirms that her entry into the stipulation is knowing and voluntary and that it was not the product of negotiation for any reduction in charges or requested level of discipline. Attorney Caspari admits all of the allegations of misconduct and assents to the level of discipline requested by the OLR.

¶6 The first matter addressed in the stipulation is Attorney Caspari's representation of M.W. The SPD appointed Attorney Caspari in July 2012 to represent M.W. in postconviction proceedings. Over the next nearly three years, Attorney Caspari failed to advance M.W.'s case through the postconviction proceedings into an appeal of his conviction. She filed multiple motions seeking extensions of time, but then often failed to meet the new deadline. She did not file a postconviction motion for over a year. Even after she filed the motion, she did not schedule a hearing date with the circuit court for another five months. In that intervening time period, she failed to provide a status report to the court of appeals as she was ordered to do. After the circuit court conducted the hearing and denied M.W.'s postconviction motion, Attorney

3

Caspari failed to ensure that a written order was submitted to the circuit court for approximately nine months.[1]

¶7 Once the order was finally submitted, the court of appeals extended the deadline for filing a notice of appeal. Attorney Caspari, however, failed to file a notice of appeal or a further extension motion by the new deadline, causing M.W.'s appeal rights to lapse. When the SPD communicated with her about this matter, she stated that she had developed a new theory of the defense for appeal and that she was now planning to file a second postconviction motion and to request a further extension of the deadline for filing an appeal so she could pursue the second postconviction motion. She still failed, however, to file any second postconviction motion or to seek a further extension of time from the court of appeals.

¶8 In May 2015 the court of appeals issued an order stating that it could "discern no reason for inaction in this matter" and referred the case to the SPD for a response as to whether Attorney Caspari should remain counsel for M.W. The SPD filed a response that acknowledged that some of the delay in M.W.'s case had been the result of late transcripts and of

---

[1] The circuit court did initially direct the counsel for the state to prepare and submit a proposed order. Attorney Caspari, however, never followed up when that attorney did not file a proposed order, which delayed the filing of a notice of appeal on M.W.'s behalf. Ultimately, the court of appeals had to issue an order to Attorney Caspari either to request the prosecutor to prepare the order or to submit a proposed order herself. Only after this order from the court of appeals did Attorney Caspari submit a proposed order to the circuit court.

needed investigation, but also concluded that Attorney Caspari had not acted with diligence or competence and had not communicated properly with M.W. The SPD further stated that it would appoint new counsel for M.W. Attorney Caspari also filed a response admitting that her conduct had "unreasonably and improperly held up [M.W.'s] appeal." As a result of the responses, the court of appeals discharged Attorney Caspari from her representation of M.W. and directed the SPD to appoint new counsel.

¶9 Attorney Caspari stipulates that her conduct in failing to pursue postconviction or appellate relief for M.W. in a timely manner constitutes a violation of SCR 20:1.3.[2]

¶10 The second matter stems from Attorney Caspari's appointment to represent M.W.[3] in a criminal case pending against him in the circuit court. After M.W. was found guilty and sentenced, the SPD appointed Attorney Diane Erickson in May 2014 to represent M.W. in postconviction proceedings and on appeal. Attorney Erickson made several requests to Attorney Caspari for her complete file on M.W.'s case. Eventually, Attorney Caspari produced only some of the materials requested by Attorney Erickson. Various materials that should have been in the file were missing, including various items of discovery. Attorney

---

[2] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] This is a different M.W. than the individual who was the subject of the postconviction motion described in the previous matter.

Erickson was forced to obtain some of these items from the investigator who had worked on M.W.'s case and to reconstruct other parts of the discovery and case file from the files of the police department and the district attorney's office. The failure of Attorney Caspari to provide a complete file and the time and effort required to reconstruct the file resulted in substantial delays to M.W.'s postconviction proceedings and appeal.

¶11 As a result of M.W.'s allegations and the OLR's review of M.W.'s criminal case file during its investigation, it became evident that Attorney Caspari had billed the SPD and had received payment for several jail visits to M.W. that did not occur. Attorney Caspari failed to correct her invoices to the SPD and did not refund the payments for those entries for years until February 2016, just prior to the filing of the OLR's complaint in this disciplinary proceeding. In addition, Attorney Caspari billed the SPD for a visit to M.W.'s mother and brother. Attorney Caspari acknowledged, however, that she merely went to the mother's house, knocked on the door a couple of times without receiving a response, waited for a while, then placed her business card in the door, and left.

¶12 In the stipulation, Attorney Caspari agrees that her failure to deliver her case file for M.W. to successor counsel constituted a violation of SCR 20:1.16(d).[4] She also agrees that

---

[4] SCR 20:1.16(d) provides:

(continued)

6

her submission of invoices containing charges for tasks that she did not actually perform and her failure to correct her invoices or refund those fees for years constituted a violation of SCR 20:8.4(c).[5]

¶13 Count 4 of the stipulation relates to Attorney Caspari's appointment in 2014 to represent I.W. in a criminal case in the Racine County circuit court. On the day that I.W.'s trial was to start, the circuit court judge asked Attorney Caspari and the prosecutor whether there had been a negotiated resolution to the charges against I.W. Attorney Caspari responded that there was no negotiated resolution and asked for an adjournment of the trial "due to the fact that we have a material witness, an important witness for our case, unknown to me left the state on Friday." The judge asked Attorney Caspari whether the witness had been under subpoena, and Attorney Caspari responded, "Yes." The witness referenced by Attorney Caspari was I.W.'s mother, who had not been subpoenaed.

---

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] 20:8.4(c) provides: "It is professional misconduct for a lawyer to: . . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Moreover, as evidenced by a subsequent email she sent to an SPD director, Attorney Caspari had known prior to the trial date that I.W.'s mother had intended to leave the state. Thus, her statements to the circuit court had been false.

¶14 In Count 4 of the stipulation, Attorney Caspari admits that her false statements to the circuit court, which she failed to correct, violated SCR 20:3.3(a)(1).[6]

¶15 The final matter addressed in the stipulation is Attorney Caspari's representation of A.H. in postconviction proceedings. Attorney Caspari was appointed to serve as A.H.'s postconviction counsel in January 2013. When an SPD representative subsequently spoke with Attorney Caspari about the status of A.H.'s case, she confirmed that she had received the final transcript in the case on April 13, 2013, which established a deadline of June 11, 2013, for Attorney Caspari to file either a postconviction motion or a notice of appeal on A.H.'s behalf. Attorney Caspari, however, failed to file either a postconviction motion or a notice of appeal. She also did not file a motion for an extension of the deadline, thereby allowing A.H.'s appeal rights to lapse. Attorney Caspari did not inform A.H. that she had failed to meet the deadline. Ultimately, the SPD appointed another attorney as successor counsel for A.H. and successfully moved the court of appeals to extend the deadline

---

[6] SCR 20:3.3(a)(1) provides: "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer. . . ."

8

for A.H. to file a postconviction motion, thereby reinstating his appeal rights.

¶16 Attorney Caspari stipulates that her failure to pursue postconviction or appellate relief on A.H.'s behalf in a timely manner constituted a lack of diligence, in violation of SCR 20:1.3. She also stipulates that her failure to inform A.H. that she had allowed his postconviction and appellate rights to lapse constituted a violation of SCR 20:1.4(a)(3).[7]

¶17 The stipulation requests that the court suspend Attorney Caspari's license to practice law in Wisconsin for a period of 60 days, which is the level of discipline initially sought by the OLR. In its memorandum in support of the stipulation, the OLR points to two prior decisions in which this court imposed 60-day suspensions for analogous conduct. In re Disciplinary Proceedings Against Callahan, 2016 WI 8, 366 Wis. 2d 503, 874 N.W.2d 98 (imposing 60-day suspension for professional misconduct that included failing to perform necessary work, advancing a settlement offer not authorized by client, misrepresenting settlement authority, and failing to keep client informed of status of her matter); In re Disciplinary Proceedings Against Fitzgerald, 2008 WI 101, 314 Wis. 2d 7, 752 N.W.2d 879 (accepting stipulation for 60-day suspension for misconduct that included appearing in court on behalf of clients during license suspension, billing the SPD for

---

[7] SCR 20:1.4(a)(3) provides that a lawyer shall "keep the client reasonably informed about the status of the matter."

9

court appearances during license suspension, misleading a county clerk about the status of her license, and failing to cooperate with the OLR's investigation). The OLR further notes that there are both aggravating and mitigating factors here. The aggravating factors include the fact that Attorney Caspari has been privately reprimanded on a previous occasion, some evidence of a dishonest motive, multiple offenses, and two patterns of misconduct. On the mitigating side of the ledger are the fact that the overcharge to the SPD was a small amount and was ultimately repaid, Attorney Caspari's cooperation with the OLR's investigation, and her prompt entry into a comprehensive stipulation that admits her misconduct and resolves this disciplinary proceeding. Thus, the OLR believes that a 60-day suspension, consistent with Callahan and Fitzgerald, would be an appropriate level of discipline in this matter.

¶18 After carefully reviewing this matter, we accept the stipulation and impose the requested 60-day suspension. In light of the fact that Attorney Caspari has recently refunded the overcharges to the SPD, we do not impose any restitution obligation. Finally, given the filing of a stipulation at the outset of this proceeding that avoided litigation costs and the need to appoint a referee, we do not impose any costs on Attorney Caspari.

¶19 IT IS ORDERED that the license of Diane R. Caspari to practice law in Wisconsin is suspended for a period of 60 days, effective August 8, 2016.

¶20 IT IS FURTHER ORDERED that Diane R. Caspari shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶21 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).