# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP1771-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Willem James Noorlander, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, <br>      Complainant, <br>     v. <br> Willem James Noorlander, <br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST NOORLANDER

| | |
|---|---|
| OPINION FILED: | April 9, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1771-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Willem James Noorlander, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

      **v.**

**Willem James Noorlander,**

      **Respondent.**

**FILED**

**APR 9, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12[1] by the Office of Lawyer Regulation

---

[1] SCR 22.12 provides:

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme court may approve the stipulation, reject the stipulation, or direct the

(OLR) and Attorney Willem James Noorlander. In the stipulation, Attorney Noorlander admits the misconduct alleged by the OLR and the parties agree to a 60-day suspension of his Wisconsin law license.

¶2 We adopt the stipulated facts and conclusions of law. We agree that Attorney Noorlander's misconduct warrants the suspension of his Wisconsin law license for a period of 60 days. The OLR did not request restitution and we impose no restitution. Initially, the OLR sought costs, but Attorney Noorlander entered into the stipulation prior to the appointment of a referee, so we

---

parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

2

will not impose the costs of this proceeding on Attorney Noorlander.

¶3 Attorney Noorlander was admitted to the practice of law in Wisconsin on January 5, 1999. He resides in Milwaukee and has not previously been the subject of professional discipline.

¶4 The complaint and stipulation concern five counts of misconduct involving two clients. According to the complaint and the stipulation, in 2015, Attorney Noorlander represented "CQAP", on behalf of his then-law firm Gierke Frank Noorlander (GFN), in a civil law suit that he filed on CQAP's behalf in Racine County.

¶5 On October 27, 2015, the circuit court issued an order stating that the CQAP case would be dismissed in 20 days unless good cause was shown as to why the order should not be entered. Attorney Noorlander failed to respond to the order and the circuit court dismissed the CQAP case without prejudice, due to Attorney Noorlander's failure to serve the defendant or to prosecute the matter. Attorney Noorlander did not inform CQAP that the case had been dismissed and subsequently told his client that he had obtained a judgment against the defendant, which was not true.

¶6 In September 2017, Attorney Noorlander informed CQAP that the defendant had filed a motion to vacate the (fictitious) judgment. He provided CQAP with a fabricated "Motion to Vacate" which he had drafted with a purported electronic signature of defense counsel. The fabricated motion contained defense counsel's name and address, but an incorrect state bar number.

¶7 The remaining counts of the complaint relate to Attorney Noorlander's representation of R.H. On or about July 15, 2016,

3

R.H. hired GFN to represent him in a breach of contract and replevin case filing concerning the sale of motors and an air compressor. R.H. paid GFN a $1,500 advanced fee for Attorney Noorlander's representation.

¶8 For the first several months of the representation, Attorney Noorlander performed steady work on behalf of R.H. and was responsive to R.H.'s requests for information. Beginning in June 2017 that changed. R.H. sent emails to Attorney Noorlander requesting a status update and advising Attorney Noorlander he could meet with the defendant to collect the equipment in dispute. On July 20, 2017, Attorney Noorlander responded that he would reach out and schedule a date to pick up the equipment. Thereafter, however, Attorney Noorlander failed to respond to R.H. He ignored emails and telephone messages in August, September, and October of 2017. In November 15, 2017, R.H. emailed Attorney Noorlander to inform him that he could meet with the defendant on December 14, 2017, to identify disputed property in the defendant's possession. R.H. asked for a "copy of correspondence that Noorlander said he was sending to the other party" and, if he hadn't sent it, R.H. directed Attorney Noorlander to send the letter "without delay." R.H. also asked Attorney Noorlander to keep him informed. On December 20, 2017, Attorney Noorlander emailed R.H. a draft complaint for replevin for R.H.'s review. Attorney Noorlander stated that a judgment in replevin from the circuit court would result in an order for the return of R.H.'s property. On December 21, 2017, R.H. emailed Attorney Noorlander approving the complaint.

4

¶9  In a January 2, 2018 email to R.H., Attorney Noorlander stated, "With your permission I am going to start the year by filing and serving this complaint.  They will have 20 days to answer or otherwise plead, but hopefully they will reach out before that to discuss resolution."  In a January 3, 2018 email to Attorney Noorlander, R.H. stated, "Assuming that you have incorporated my corrections, please proceed."  Attorney Noorlander did not proceed.

¶10  In a January 11, 2018 email to Attorney Noorlander, R.H. asked if the replevin complaint had been filed.  On January 12, 2018 Attorney Noorlander replied by email that it had been filed and he was awaiting confirmation of service.  This was not true.  Attorney Noorlander had not filed the complaint.  On March 27, 2018, R.H. filed a grievance with the OLR.

¶11  On May 30, 2018, the OLR sent written notice of its formal investigation to Attorney Noorlander, requesting that he submit a written response on or before June 22, 2018.  Attorney Noorlander did not respond.  He then failed to respond to the OLR's follow-up requests.  Eventually, on August 8, 2018, the OLR filed a motion with this court, asking this court to direct Attorney Noorlander to show cause as to why Attorney Noorlander's law license should not be temporarily suspended for failing to cooperate with the OLR's investigation.  See SCR 22.03(4).  This court issued the order.  OLR v. Noorlander, No. 2018XX1257-D, unpublished order (Sup. Ct. Aug. 15, 2018).

¶12  On August 31, 2018, the OLR received a letter from Attorney Noorlander's lawyer, requesting an extension.  Finally,

5

on October 11, 2018, the OLR received a sufficient response from Attorney Noorlander. Accordingly, on October 15, 2018, this court granted the OLR's request to dismiss the motion for temporary license suspension.

¶13 On September 18, 2019, the OLR filed a complaint against Attorney Noorlander alleging the following five counts of misconduct:

> **Count One:** By representing to CQAP that he had obtained a judgment against the defendant in the Racine County case, when in fact he had not done so; by drafting a fabricated "Motion to Vacate" in the name of defense counsel; and by concealing from CQAP that the case had been dismissed, Attorney Noorlander violated SCR 20:8.4(c).[2]
>
> **Count Two:** By failing to file the replevin action requested by R.H., Attorney Noorlander violated SCR 20:1.3.[3]
>
> **Count Three:** By failing to keep R.H. reasonably informed regarding the status of the case, and by failing to respond to R.H.'s emails and telephone calls requesting information, Attorney Noorlander violated SCR 20:1.4(a)(3)[4] and (4).[5]
>
> **Count Four:** By informing R.H. that he had filed the replevin action, when in fact he had not done so, Attorney Noorlander violated SCR 20:8.4(c)

---

[2] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

[5] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

**Count Five**: By willfully failing to provide the OLR with a timely written response to R.H.'s grievance, Attorney Noorlander violated SCR 22.03(2),[6] and SCR 22.03(6),[7] enforceable via SCR 20:8.4(h).[8]

¶14 On or about December 13, 2019, the OLR and Attorney Noorlander executed the stipulation now before the court. In addition to stipulating to the facts as set forth above, the parties stipulated to discipline in the form of a 60-day suspension of Attorney Noorlander's Wisconsin law license.

¶15 The parties' stipulation provides that it did not result from plea bargaining. Attorney Noorlander represents and verifies that he fully understands the allegations, the ramifications

---

[6] SCR 22.03(2) provides:

> Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[7] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[8] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

should the court impose the stipulated level of discipline, his right to contest this matter, and his right to consult with counsel; he has consulted with counsel; his entry into this stipulation is made knowingly and voluntarily; he has read the complaint and this SCR 22.12 stipulation; and his entry into this stipulation represents his decision not to contest the allegations in the complaint or the level and type of discipline sought by the OLR's Director.

¶16 The parties further stipulated that a 60-day suspension of Attorney Noorlander's license to practice law in Wisconsin is an appropriate sanction for Attorney Noorlander's misconduct. The OLR filed a memorandum in support of the stipulation which discusses attorney disciplinary cases that resulted in 60-day suspensions for generally similar misconduct.

¶17 The OLR's memorandum states that the case most similar to the facts at issue here is In re Disciplinary Proceedings Against Callahan, 2016 WI 8, 366 Wis. 2d 503, 874 N.W.2d 98. There, we imposed a 60-day suspension on a lawyer with no prior discipline for filing a complaint after the statute of limitations expired; soliciting a settlement without the client's authority; failing to communicate with his client about the status of the claim; failing to perform the necessary work to advance the client's discrimination claim; and failing to provide timely written responses to the OLR's investigative letters regarding the client's grievance. The OLR also points to In re Disciplinary Proceedings Against Lewis, 2002 WI 115, 256 Wis. 2d 41, 651 N.W.2d 734. There, we imposed a 60-day suspension on a lawyer

8

with no prior discipline for committing five counts of misconduct arising out of complex business dealings where the attorney failed to obtain written consent from clients regarding a potential conflict of interest; failed to file a lawsuit; failed to act with reasonable diligence and promptness in representing the client; failed to keep a client reasonably informed about the status of the representation; and failed to cooperate in the OLR's investigation. See also In re Disciplinary Proceedings Against McNeely, 2008 WI 91, 313 Wis. 2d 283, 752 N.W.2d 857 (60-day suspension imposed on lawyer with no prior discipline for three counts of misconduct including failure to discuss or obtain written waivers regarding potential conflicts of interest; making false statements of fact to a tribunal; and engaging in misconduct involving dishonesty, fraud, deceit or misrepresentation); In re Disciplinary Proceedings Against Paul, 2007 WI 11, 298 Wis. 2d 629, 726 N.W.2d 253 (60-day suspension imposed for eight counts of misconduct including, inter alia, failure to obtain client's permission prior to signing a stipulation; failure to inform client that he had filed a stipulation dismissing her case; failure to take action on a client's case resulting in dismissal; and failure to notify the client of the dismissal).

¶18 We adopt the stipulation and the stipulated facts and conclusions of law, and accept and impose the stipulated discipline. We agree that the seriousness of Attorney Noorlander's misconduct warrants the suspension of his Wisconsin law license for 60 days and that our precedent supports this level of discipline. The OLR does not seek restitution, so we impose none.

9

In its complaint, the OLR requested costs but in light of the stipulation, we do not impose costs.

¶19 IT IS ORDERED that the license of Willem James Noorlander to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶20 IT IS FURTHER ORDERED that Willem James Noorlander shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶21 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶22 DANIEL KELLY, J., did not participate.