# SUPREME COURT OF WISCONSIN

| CASE NO.: | 2019AP1175-D |
|---|---|

| COMPLETE TITLE: | In the Matter of the Disciplinary Proceedings Against Diane R. Caspari, Attorney at Law: |
|---|---|
| | Office of Lawyer Regulation, Complainant, v. |
| | Diane R. Caspari, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CASPARI

| OPINION FILED: | MAY 28, 2020 |
|---|---|
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

SOURCE OF APPEAL:
   COURT:
   COUNTY:
   JUDGE:

JUSTICES:
Per Curiam
NOT PARTICIPATING:

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1175-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of the Disciplinary Proceedings
Against Diane R. Caspari, Attorney at Law:

Office of Lawyer Regulation,

        Complainant,

v.

Diane R. Caspari,

        Respondent.

**FILED**

**MAY 28, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation pursuant to Supreme Court Rule (SCR) 22.12 between the Office of Lawyer Regulation (OLR) and Attorney Diane R. Caspari. The stipulation states that Attorney Caspari committed three counts of misconduct arising out of her failure to make payments to Clinical Psychology Associates, which conducted evaluations into criminal cases which had been assigned to Attorney Caspari by the Office of the State Public Defender (SPD). The stipulation requests that this court impose a 90-day suspension of Attorney Caspari's license to

practice law in Wisconsin and that she be ordered to pay restitution.

¶2 Upon careful review of the matter, we accept the stipulation, impose the requested discipline and order restitution. Because the matter has been resolved by means of a stipulation, without the need for the appointment of a referee, we impose no costs on Attorney Caspari.

¶3 Attorney Caspari was admitted to the practice of law in Wisconsin in 2004 and practices in Milwaukee. In 2015, she received a consensual private reprimand for misconduct involving two client matters in which she failed to respond to clients' inquiries regarding the status of their matter and in which she charged a client for legal fees even though she did not perform the work. She also failed to refund unearned fees upon termination of the representation. Private Reprimand No. 2015-21 (electronic copy available at https://compendium.wicourts.gov/app/raw/002809.html).

¶4 In 2016, pursuant to another SCR 22.12 stipulation, this court suspended Attorney Caspari's law license for 60 days for misconduct arising out of four client matters and involving various counts of misconduct, including billing the SPD for tasks that she did not actually perform and failing to correct invoices or refund those fees for years. In re Disciplinary Proceedings Against Caspari, 2016 WI 72, 371 Wis. 2d 567, 882 N.W.2d 852.

¶5 The OLR filed a three-count complaint against Attorney Caspari on June 28, 2019. The parties' stipulation was filed on February 10, 2020.

¶6   The stipulation states that on December 19, 2013, the SPD appointed Attorney Caspari to represent J.P. on felony criminal charges in Kenosha County. A competency hearing was scheduled for January 10, 2014.

¶7   The SPD also appointed Attorney Caspari to represent K.W. in a juvenile matter in Kenosha County.

¶8   Attorney Caspari hired Dr. David Thompson's office, Clinical Psychology Associates, to conduct an evaluation of J.P. and a legal competency evaluation for K.W.

¶9   Dr. Thompson submitted invoices to Attorney Caspari for services he provided on behalf of J.P. and K.W. The SPD authorized payment to Dr. Thompson for the evaluations.

¶10  On September 21, 2016, the Wisconsin Department of Administration (DOA) issued payment to Attorney Caspari, in care of Daniels Capital Corporation (Daniels), a financing company that provides advance payments to government-appointed criminal defense attorneys, for Dr. Thompson's services related to J.P. Daniels issued payments to Attorney Caspari. She did not deposit the funds into a trust account, instead depositing them into her business checking account. Attorney Caspari did not promptly provide Dr. Thompson with notice of her receipt of the funds, nor did she promptly deliver the funds to him.

¶11  On November 23, 2016, the DOA issued a payment to Attorney Caspari, in care of Daniels, for Dr. Thompson's services related to K.W. Daniels issued payment to Attorney Caspari. She did not deposit the funds into a trust account, instead depositing them into her business checking account. Attorney Caspari did not

3

promptly provide Dr. Thompson with notice of her receipt of the funds, nor did she promptly deliver the funds to him. She used the funds for her own purposes.

¶12 In June 2017, Dr. Thompson's office contacted the SPD regarding problems in collecting payments for work completed for Attorney Caspari's SPD clients. Attorney Caspari sent Dr. Thompson an email acknowledging that she owed him $3,642.50 for J.P. and $1,320 for K.W. She said, "I had thought that I paid the latter but did not." She proposed a payment plan that would commence in July 2017 and conclude with full reimbursement to Dr. Thompson by November 2017.

¶13 On or about July 21, 2017, Attorney Caspari made a $50 payment toward Dr. Thompson's bill in the J.P. matter. She paid Dr. Thompson an additional $50 on or about June 7, 2019 and has paid nothing further to Dr. Thompson since that time.

¶14 By virtue of the stipulation, Attorney Caspari stipulates to the following counts of misconduct:

**Count 1:** By failing to deposit into a trust account funds intended for payment to Dr. Thompson, Attorney Caspari violated SCR 20:1.15(b)(1).[1]

**Count 2:** By failing to promptly notify Dr. Thompson of her receipt of funds intended for payment of his

---

[1] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

4

services, and by failing to promptly disburse those funds to him, Attorney Caspari violated SCR 20:1.15(e)(1).[2]

**Count 3:** By converting to her own use State-issued funds intended for payment to Dr. Thompson, Attorney Caspari violated SCR 20:8.4(c).[3]

¶15 Attorney Caspari represents that she fully understands the misconduct allegations; she fully understands the ramifications should this court impose the stipulated level of discipline; she fully understands her right to contest the matter; she fully understands her right to consult with counsel and says she has retained and consulted with counsel; she states her entry into the stipulation is made knowingly and voluntarily; and represents her decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR's director.

¶16 Attorney Caspari further avers that from December 2013 through June 2017, she believed she was suffering from severe anxiety and chronic depression which was causing severe emotional

---

[2] SCR 20:1.15(e)(1) provides:

Upon receiving funds or other property in which a client has an interest, or in which a lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise 148 permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[3] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit oar misrepresentation."

5

dysfunction; that she was under the care of a healthcare professional for those conditions; and that if a hearing had been held she would have been prepared to admit evidence that the condition contributed to the misconduct described in the stipulation.

¶17 In its memorandum in support of the stipulation, the OLR points to prior decisions in which this court imposed 90-day suspensions for somewhat analogous conduct. In re Disciplinary Proceedings Against Alfredson, 2019 WI 17, 385 Wis. 2d 565, 923 N.W.2d 869 (imposing 90-day suspension for professional misconduct in two client matters and failure to cooperate with the OLR's investigation. The misconduct included failing to hold a client's funds in trust and failing to promptly deliver funds collected in connection with the attorney's representation of a client to the client's ex-wife's lawyer); In re Disciplinary Proceedings Against Wood, 2013 WI 11, 345 Wis. 2d 279, 825 N.W.2d 473 (imposing 90-day suspension for seven counts of misconduct including failing to hold client's settlement funds in trust; failing to provide the client with a written fee agreement; failing to keep a client informed about the status of their matter; and withdrawing funds from a client trust account via teller transactions).

¶18 After careful review of this matter, we accept the stipulation and impose the requested discipline. Although no two disciplinary proceedings are identical, the misconduct at issue here is somewhat analogous to Alfredson and Wood, in which 90-day suspensions were imposed. We agree with the OLR's comments in its memorandum in support of the stipulation that Attorney Caspari's

6

misconduct is aggravated by the fact that she has been disciplined on two prior occasions. In mitigation of her misconduct, the OLR says Attorney Caspari has been cooperative in the investigation and prosecution of this matter. She has shown remorse. She has acknowledged her misconduct and entered into the stipulation. She also asserts that she suffered from personal or emotional problems during the time the misconduct occurred.

¶19 Upon consideration of the misconduct and the aggravating and mitigating factors, we agree that a 90-day license suspension is an appropriate sanction for Attorney Caspari's misconduct. We also agree that she should be ordered to pay $4,862.50 in restitution to Dr. David Thompson. Because this matter was resolved by means of a stipulation, without the need for the appointment of a referee, we impose no costs on Attorney Caspari.

¶20 IT IS ORDERED that the license of Diane R. Caspari to practice law in Wisconsin is suspended for a period of 90 days, effective July 9, 2020.

¶21 IT IS FURTHER ORDERED that within 60 days of the date of this order Diane R. Caspari shall pay to Dr. David Thompson the sum of $4,862.50.

¶22 IT IS FURTHER ORDERED that Diane R. Caspari shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶23 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

7